UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT GLENN BRYSON III,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON SCIENTIFIC,<br><br>Defendant. | Case No. 1:19-cv-00440-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff Robert Glenn Bryson III's *In Forma Pauperis* (IFP) Application (Dkt. 1) as well as his conditionally filed complaint. For the reasons explained below, the Court will grant the IFP Application but dismiss the complaint with leave to amend.

## BACKGROUND

Plaintiff indicates that a "stent has caused personal injury . . . ." He seeks $37 million in damages. *See Compl.*, Dkt. 2, ¶¶ III, IV. He elaborates on the stent as follows:

> This stent has since the moment it was placed in my chest not felt right. I told my doctors over and over that it was causing me chest

> pain and increased blood pressure. Since its placement I have had fourteen heart attacks and eight strokes. Giving the rippling effect of causing numbness all over my right side, part of my heart dying, several of my organs failing with poor circulation due to the heart engulfing the stent and creating total occlusion.

*Attachment A to Complaint,* Dkt. 2. Bryson goes on to explain that he is now unable to "get a job or help around the house without becoming winded or fatigued." He "can no longer do the things that made [him] happy, such as detailing his car, maintaining his home, or taking care of his lawn. He says that the stent was supposed to lengthen his life – "not shorten and cheapen the quality of my days." *Id.* As he puts it, "I am not a quitter but this stent has made the odds against me almost too strong to bear." *Id.*

## ANALYSIS

1. **The IFP Application**

Under 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application. Whether to grant an IFP application is based solely on the economic eligibility of the plaintiff. Here, Mr. Bryson has signed an affidavit in support of his IFP application declaring under penalty of perjury that his monthly expenses take up the entirety of his $907 monthly income. Based on this information, the Court will grant the IFP application.

## 2. Screening Standards

Because Bryson is proceeding IFP, the Court must screen his complaint under 28 U.S.C. § 1915(e)(2). *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2002) (per curiam) (holding that § 1915(e)(2)(B)'s screening requirements apply to non-prisoners proceeding or seeking to proceed IFP). The Court must dismiss a complaint or claim that is frivolous, malicious, fails to state a claim for relief, or seeks damages from defendants who are immune from suit. *See Lopez v. Smith*, 203 F.3d 1122, 1126 27 (9th Cir. 2000) (en banc).

Screening under § 1915(e)(2) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)

(citations omitted). Further, leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez*, 203 F.3d at 1130. If the complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

3.  **Bryson's Complaint**

Bryson's complaint fails to state a claim for relief because he has not connected the defendant, Boston Scientific, to the stent. Additionally, he has not alleged that the stent was defective. Nor has he alleged that Boston Scientific is responsible for any such defect. Put differently, the Court is aware that Mr. Bryson is alleging that the medical procedure involving the stent did not turn out well. But Mr. Bryson has not connected that outcome with the design or manufacture of the stent, nor has he explained how Boston Scientific is involved with the stent. For these reasons, the Court will dismiss the complaint, but it will give Mr. Bryson an opportunity to amend his complaint. As matters stands, the complaint does not fairly notify Boston Scientific what claims it is defending.

**ORDER**

**IT IS ORDERED that:**

1. Plaintiff's *In Forma Pauperis* Application (Dkt. 1) is **GRANTED**.

2. Plaintiff's Complaint (Dkt. 2) is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff may file an amended complaint within 30 days of this Order. If Plaintiff does not file an amended complaint within that time period, this action will be dismissed without further notice.

DATED: February 3, 2020

B. Lynn Winmill
U.S. District Court Judge